# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THE NATIONAL CENTER FOR GENOME
RESOURCES, a New Mexico non-profit corporation,

    Plaintiff/Counterdefendant,

    vs.                                                                 No. CIV 99-0679 JC/KBM

THE PERKIN-ELMER CORPORATION,
a New York corporation,

    Defendant/Counterclaimant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff/Counterdefendant's (Plaintiff) Motion to Dismiss and Strike Defendant's Counterclaim, filed October 20, 1999 *(Doc. 19)*. Plaintiff seeks to dismiss Defendant/Counterplaintiff's (Defendant) three counterclaims pursuant to either FED. R. CIV. P. 9(b) or 12(b)(6) for failure to state a claim. Plaintiff also seeks to strike Defendant's second counterclaim pursuant to FED. R. CIV. P. 12(f) for being redundant of the first counterclaim. Plaintiff further requests that it be awarded attorney fees and costs for bringing this motion to dismiss and strike.

**I.    Background**

On November 21, 1997, Plaintiff and Defendant entered into a Stock and Asset Purchase Agreement (Purchase Agreement) and Escrow Agreement. In the Purchase Agreement, Defendant agreed to buy the stock and intellectual property assets of Molecular Informatics, Inc. (MII), for over $41 million. MII was at that time a wholly owned subsidiary of Plaintiff. Of the $41 million purchase price, $4.1 million was placed into an escrow fund pursuant to the Escrow Agreement.

On May 20, 1999, Defendant pursuant to the Escrow Agreement, sent to Plaintiff and the escrow agent, a claim of notice against Plaintiff for a right of indemnity based on allegations of untruth, inaccuracy, and breach or nonfulfillment of certain financial representations and warranties made in the Purchase Agreement. The claim of notice stated that Defendant incurred damages in excess of the $4.1 million in the escrow. On May 28, 1999, Plaintiff objected to the claim of notice and demanded that the escrow agent disburse the balance of the escrow fund to it because Plaintiff believed that Defendant had failed to make a valid and/or timely claim of notice. According to Plaintiff, Defendant has not to date responded with any sufficient detail or basis for its notice of claim, and the escrow agent has not disbursed any of the escrow fund to Plaintiff. Consequently, Plaintiff filed this lawsuit seeking declaratory relief that Defendant has no right or claim to the escrow fund and requesting the escrow agent to disburse to Plaintiff the $4.1 million in escrow plus accrued interest. Plaintiff also seeks attorney fees and costs incurred in bringing this lawsuit.

In its Answer to Complaint for Declaratory Relief and Counterclaim (Answer), filed August 4, 1999 *(Doc. 7)*, Defendant raises three counterclaims. The first counterclaim is one of fraud wherein Defendant alleges that Plaintiff failed to disclose information and provided inaccurate or incomplete information to Defendant which resulted in Defendant's decision to purchase MII and pay a portion of the $9 million purchase price to buy-out an exclusive license agreement MDL held for distributing the biomerge product. Counterclaim II alleges misrepresentation by Plaintiff when it omitted information and provided inaccurate information to Defendant leading to the Purchase Agreement at issue. Counterclaim III alleges a breach of the Purchase Agreement. Specifically, Defendant contends that Plaintiff breached those portions of the Purchase Agreement which make certain representations and warranties.

## II. Standard of Review for Motion to Dismiss for Failure to State a Claim

Although Plaintiff filed a motion to dismiss, it nonetheless attached to its Memorandum of Points and Authorities in Support of Plaintiff's Motion to Dismiss and Strike Defendant's Counterclaim *(Doc. 20),* a copy of the Purchase Agreement including the Escrow Agreement for the Court's consideration. Generally, a Rule 12(b)(6) motion to dismiss is converted into a motion for summary judgment if matters outside the pleadings are presented, and the parties are given a reasonable opportunity to present materials pertinent to a motion for summary judgment. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting FED. R. CIV. P. 12(b)(6)). However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Id*. In this case, the Purchase Agreement which includes as an exhibit the Escrow Agreement is referred to in the counterclaims and is central to Defendant's counterclaims. Consequently, I find that it is appropriate for the Court to consider the Purchase Agreement including the Escrow Agreement in deciding this motion to dismiss and not to convert this motion to dismiss into a motion for summary judgment. *See Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir.), *cert. denied*, 68 U.S.L.W. 3178 (1999) (the court has discretion whether to consider materials attached to a motion to dismiss which are referred to in the complaint and central to the claims).

For the purposes of this motion to dismiss, the Court accepts all well-pleaded factual allegations of Defendant's counterclaims as true and construes them in favor of Defendant. *See Housing Auth. of the Kaw Tribe of Indians of Okla. v. City of Ponca City*, 952 F.2d 1183, 1187

(10th Cir. 1991), *cert. denied*, 504 U.S. 912 (1992). A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it is clear that the nonmovant could prove no set of facts in support of the claim that would entitle the nonmovant to relief. *See H. J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). The issue in reviewing the sufficiency of a claim is not whether the nonmovant will ultimately prevail, but whether the nonmovant is entitled to offer evidence to support his or her claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir.1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

**III.    Discussion**

    **A.    Counterclaim I, Fraud**

Plaintiff makes two arguments with respect to its motion to dismiss the fraud counterclaim. First, Plaintiff argues that Defendant has failed pursuant to Rule 9(b) to state with particularity the circumstances constituting fraud.[1] Second, Plaintiff argues that the fraud counterclaim is barred by the merger clause of the Purchase Agreement.

In discussing whether a party has pled a claim of fraud with particularity, the Tenth Circuit has held that, "[t]rue to the rule's straightforward language . . . Rule 9(b) requires only the identification of the circumstances constituting fraud, and that it does not require any particularity in connection with an averment of intent, knowledge or condition of mind." *Schwartz v. Celestial*

---

[1] A motion to dismiss for failure to plead a claim of fraud with particularity pursuant to Rule 9(b) is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 (10th Cir. 1997).

*Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir.1997) (citing *Seattle-First Nat'l Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir.1986)). Further,

> [t]he requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, and direct . . . and to be construed as to do substantial justice.' The purpose of Rule 9(b) is 'to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based. . . .'

*Id*. (quoting *Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 987 (10th Cir. 1992)). "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Id*. (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (1991)). In other words, conclusory allegations of fraud are insufficient to state a claim under Rule 9(b). *Grossman*, 120 F.3d at 1124.

Plaintiff argues that pursuant to *Schwartz*, Defendant must in its fraud counterclaim set forth the time, place, contents, identity and consequences information in order to comply with the particularity requirement of Rule 9(b). However, because *Schwartz* maintains that Rule 9(b) should be read in conjunction with Rule 8 one must not focus exclusively on Rule 9(b)'s particularity language. *See Benevento v. LifeUSA Holding, Inc.*, 181 F.R.D. 298, 300 (E.D. Pa. 1998) (citations omitted). Accordingly, "[w]hile it will usually be necessary to plead the 'time, place and content of the misrepresentation and damages' to satisfy the specificity requirement of Rule 9(b), all that is required is to put the defendant on sufficient notice of the claims to which a response is necessary. If the defendant can prepare an adequate answer to the complaint, the requirements of Rule 9(b) have been met." *Id*. at 301 (citations omitted). *See also Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3rd Cir. 1998); *Schwartz*, 124 F.3d at 1252 (fair notice of claims is purpose of Rule 9(b)).

In this case, I find that the fraud counterclaim and its references sufficiently set forth the time of the alleged fraud, content of the false representations, and the alleged consequences of the fraud. *See Schwartz*, 124 F.3d at 1252-53 (FED. R. CIV. P. 10(c) allows incorporation by reference of other paragraphs in the complaint). The fraud counterclaim and its references also sufficiently set forth the identity of the party who allegedly made the false statements and omitted information as the plaintiff through MII. Defendant need not name particular individuals. *See id.* at 1253 ("Rule 9(b) requires that the pleadings give notice to the <u>defendants</u> of the fraudulent statements for which they are alleged to be responsible." (Emphasis added)).

The more problematic issue is Defendant's failure to allege the place of the fraud, except for one instance of alleged fraud at ¶ 23 of the Answer. Plaintiff cites to *Gottstein v. National Ass'n for the Self-Employed*, 53 F. Supp.2d 1212, 1223 (D. Kan. 1999), for the proposition that a claimant must identify the form of the alleged fraudulent statement as oral or written. That proposition is, however, not supported with any authority and so is not entitled to any weight. Nonetheless, I find that the overall specificity of the fraud claim and its references is sufficient to put Plaintiff on notice of the claims to which it must respond. I cannot find that the fraud counterclaim is pled in a conclusory manner. On that basis, I find that Defendant has pled with particularity its fraud counterclaim in compliance with Rule 9(b).

Plaintiff contends next that the merger clause in the Purchase Agreement bars the fraud counterclaim. Section 8.2 of the Purchase Agreement states in pertinent part:

> <u>Entire Agreement; Amendments</u>. This Agreement, including all Exhibits and Schedules referred to herein or delivered pursuant hereto, contains the entire understanding of the parties hereto with respect to its subject matter. There are no representations, promises, warranties, covenants, or undertakings other than expressly

> set forth herein or therein. This Agreement supercedes all prior agreements and understandings between the parties hereto with respect to its subject matter.

Plaintiff asserts that in § 8.2, the parties specifically disclaimed any representations or warranties, except those contained in the Purchase Agreement. Plaintiff further asserts that the parol evidence rule prohibits the introduction of evidence outside the Purchase Agreement where the parties have disclaimed specific representations or warranties.

Defendant contends that § 6.6 of the Purchase Agreement expressly recognizes the right to assert a claim for fraud, notwithstanding the merger clause. Section 6.6 limits the indemnification obligation of Plaintiff "except to the extent that such indemnification obligation arises out of or is the result or is based upon claims involving fraud or willful misconduct." As Plaintiff correctly observes, § 6.6 does not apply to this fraud counterclaim but only to claims for indemnification. Consequently, Defendant's § 6.6 contention is without merit.

Defendant further contends that under New York law, the law which governs the Purchase Agreement (§ 8.7), it can pursue a fraud counterclaim notwithstanding the merger clause and disclaimer. "[I]f a contract recites that all of the parties' agreements are merged in the written document, parol evidence is not admissible to vary, or permit escape from the terms of the integrated contract." *Manufacturers Hanover Trust Co. v. Yanakas*, 7 F.3d 310, 315 (2nd Cir. 1993) (citation omitted). A general merger clause, however, does not "preclude parol evidence that a party was induced to enter the contract by means of fraud." *Id*. Even so, if "the contract states that a contracting party disclaims the existence of or reliance upon specified representations, that party will not be allowed to claim that he was defrauded into entering the contract in reliance on those representations." *Id*. To invoke this rule barring fraud claims when there is a disclaimer, the clause

at issue must contain an adequately specific disclaimer. *Id*. at 316 ("the touchstone is specificity"). To be adequately specific, the clause "must contain explicit disclaimers of the particular representations that form the basis of the fraud-in-the-inducement claim." *Id*.

In this instance, § 8.2 contains a general merger clause. Section 8.2 also contains a clause stating that "[t]here are no representations, promises, warranties, covenants, or undertakings other than expressly set forth herein or therein." This second clause is not "sufficiently specific to match the alleged fraud." *Manufacturers Hanover Trust Company*, 7 F.3d at 317. Accordingly, under New York law, Defendant's fraud counterclaim cannot be barred.

**B.  Counterclaim II, Misrepresentation**

Plaintiff argues that Counterclaim II should be dismissed for failure to allege facts with particularity. Plaintiff also argues that Counterclaim II should be stricken for being redundant. I will address Plaintiff's argument to strike first.

Rule 12(f) provides that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are generally disfavored and the decision to grant a motion to strike rests within the sound discretion of the district court. *Federal Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 530 (D. Colo.1992). Here, Plaintiff contends that the misrepresentation counterclaim is redundant of the fraud counterclaim. In New Mexico, the tort of negligent misrepresentation is a separate action from that of fraud or deceit. *Maxey v. Quintana*, 84 N.M. 38, 42, 499 P.2d 356, 360 (Ct. App.), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972). To prove negligent misrepresentation, one must demonstrate that 1) the defendant made a material misrepresentation of fact to the plaintiff, 2) the plaintiff relied upon the misrepresentation, 3) the

defendant knew the representation was false at the time it was made or made it recklessly, and 4) the defendant intended to induce the plaintiff to rely on the misrepresentation. *Parker v. E. I. Du Pont De Nemours & Co., Inc.*, 121 N.M. 120, 132, 909 P.2d 1,13 (Ct. App. 1995) (citations omitted).

Although Counterclaim II is labeled merely as a claim for misrepresentation, I find that the Defendant has stated a claim for negligent misrepresentation in part through references. *See* ¶ 31 of the Answer (Counterclaim II incorporates references). Defendant alleges that Plaintiff made a material misrepresentation of fact. *Id*. at ¶¶ 29 and 33. Defendant alleges that it relied upon the misrepresentation in deciding to buy MII and buy-out the MDL agreement. *Id*. at ¶¶ 29 and 35. Defendant also alleges that Plaintiff knew that the representation was false and intended to deceive Defendant. *Id*. at ¶ 29. The negligent misrepresentation counterclaim is, therefore, not redundant of the counterclaim for fraud.

Next, Plaintiff argues that the misrepresentation counterclaim is subject to the same particularity pleading requirements as the fraud counterclaim under Rule 9(b) and fails to meet that requirement. The Tenth Circuit has yet to address whether Rule 9(b) applies to negligent misrepresentation claims. Moreover, there is a disagreement among the district courts in this circuit as to whether Rule 9(b) should apply to negligent misrepresentation claims. *See, e.g., Professional Serv. Indus. v. Kimbrell*, 766 F. Supp. 1557, 1561 (D. Kan. 1991) (Rule 9(b) does not apply to negligent misrepresentation claims); *Western Gas Processors, Ltd. v. Enron Gas Processing Co.*, 1988 WL 73307 (D. Colo. 1988)(Rule 9(b) applies to negligent misrepresentation claims). I find that the better position is that taken by the District of Kansas. The plain language of Rule 9(b) does not list negligent misrepresentation as a claim for which particular pleading is required. Additionally, "[s]ince the rule is a special pleading requirement and contrary to the general approach of simplified

pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1297 at 615 (2d ed. 1990) (cited in *Black & Veatch International Co. v. Wartsilla NSD North America, Inc.*, 1998 WL 264738 at *3 (D. Kan. 1998)). Also, *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997), seems to imply that since negligence does not constitute fraud, Rule 9(b) cannot apply to negligence claims. *Black & Veatch International Co.*, 1998 WL 264738 at *3. For these reasons, I find that Defendant was not required by Rule 9(b) to plead with particularity the negligent misrepresentation counterclaim.

### C. Counterclaim III, Breach of Representations and Warranties

Plaintiff asserts that the breach of representations and warranties counterclaim is barred because § 6.1 of the Purchase Agreement provides that Defendant "may not make any claim for any breach of any such representations or warranties" after May 20, 1999. It is undisputed that the third counterclaim was filed after the May 1999 deadline. However, Defendant contends that it wrote a letter, dated May 20, 1999, which purported to provide notice of a claim for indemnification as permitted under § 6.4 of the Purchase Agreement and § 3.1 of the Escrow Agreement. Because Counterclaim III is not a claim for indemnification but a simple breach of contract claim, I find that the May 20, 1999 letter cannot serve as a timely claim of breach of contract. Interestingly, neither the Answer nor the counterclaims allege that the May 20, 1999 letter served as a claim or even notice of a claim for breach of contract. Consequently, I find that Counterclaim III is barred by § 6.1 of the Purchase Agreement and should be dismissed with prejudice for failure to state a claim.

## IV. Conclusion

In sum, I find that Plaintiff's motion to dismiss and strike should be granted in part. Specifically, I find that Counterclaim III is subject to dismissal while Counterclaims I and II survive this motion to dismiss. Because of the partial nature of the relief granted in this Memorandum Opinion and Order, I further find that an award of attorney fees and costs to Plaintiff for bringing this motion is unwarranted.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Dismiss and Strike Defendant's Counterclaim, filed October 20, 1999 *(Doc. 19)*, is **granted in part**.

IT IS FURTHER ORDERED that Counterclaim III (breach of contract) is **dismissed** with prejudice.

IT IS FINALLY ORDERED that Plaintiff's request for attorney fees and costs is **denied**.

DATED this 9th day of December, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:  Jeffrey A. Rossman
Mark McKeen
Robeck, Phleger & Harrison
San Francisco, California

Kathryn D. Lucero
Foster•Johnson•McDonald•Lucero•Koinis
Albuquerque, New Mexico

Counsel for Defendant:  Geoffrey D. Rieder
Wayne R. Suggett
Silva, Rieder & Maestas
Albuquerque, New Mexico